# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Hammer |
| v. | : | Mag. No. 25-10066 |
| ALBERTO PEREZ-MENDEZ | : | **CRIMINAL COMPLAINT** |

I, Joseph Mazza, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

### SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security – U.S. Immigration and Customs Enforcement, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

Continued on the attached page and made a part hereof.

_/s/ Joseph Mazza_
Joseph Mazza
Deportation Officer
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

*Deportation Officer Joseph Mazza attested to this Affidavit by telephone pursuant to FRCP 4.1(b)(2)(A) on March 6, 2025.*

_/s/ Michael Hammer_
Honorable Michael A. Hammer
United States Magistrate Judge

## ATTACHMENT A

## COUNT ONE
(Illegal Reentry)

On a date before July 25, 2023, in Passaic County, in the District of New Jersey, and elsewhere, the defendant,

**ALBERTO PEREZ-MENDEZ,**

being an alien who was deported and removed and had departed the United States while an order of deportation and removal was outstanding, and thereafter, without the express consent of the Secretary of Homeland Security or Attorney General of the United States to reapply for admission prior to his re-embarkation at a place outside the United States, did knowingly and voluntarily enter and, on or about July 25, 2023, was found in the United States.

In violation of Title 8, United States Code, Section 1326(a).

## **ATTACHMENT B**

I, Joseph Mazza, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). The information contained in the complaint is based upon my personal knowledge, as well as information obtained from other sources, including: (a) statements made or reported by various witnesses with knowledge of relevant facts; (b) my review of publicly available information; and (c) my review of evidence, including documents and physical evidence. Because this complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. At all times relevant to this Complaint, the defendant, ALBERTO PEREZ-MENDEZ, ("PEREZ-MENDEZ"), was a native and citizen of Mexico and was not a citizen of the United States.

2. On or about May 28, 2013, PEREZ-MENDEZ was ordered removed from the United States to Mexico pursuant to an order of expedited removal under 8 U.S.C. § 1225(b)(1) issued by a United States immigration officer.

3. On or about June 19, 2013, PEREZ-MENDEZ was removed from the United States to Mexico while the above-referenced order of removal was outstanding.

4. Following his removal from the United States, PEREZ-MENDEZ knowingly and voluntarily reentered the United States without permission on an unknown date at an unknown location.

5. On or about July 25, 2023, PEREZ-MENDEZ was arrested by law enforcement authorities and charged with (i) sexual assault of a victim less than 13 years old, in violation of N.J.S.A. § 2C:14-2B; (ii) endangering the welfare of a child, in violation of N.J.S.A. 2C:24-4A(1); (iii) terroristic threats, in violation of N.J.S.A. § 2C:12-3B; and (iv) criminal sexual conduct, in violation of N.J.S.A. § 2C:14-3B.

6. On or about February 24, 2025, PEREZ-MENDEZ was convicted of false imprisonment, in violation of N.J.S.A. § 2C:13-3, and the remaining charges listed above were dismissed. PEREZ-MENDEZ was then sentenced to time served.

7. A fingerprint analysis revealed that PEREZ-MENDEZ is the same person who was removed from the United States as set forth in paragraph 3 above.

8.      A review of relevant databases revealed that neither the Secretary of Homeland Security nor the Attorney General of the United States expressly consented to PEREZ-MENDEZ reapplying for admission to the United States before his re-embarkation at a place outside the United States, or his reentry into the United States.